

Page 1

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): Jeffrey Mitchum | Docket or Case No.: 3:18-cv-572-DPJ-RHW |
| Place of Confinement: East MS Correctional Facility | Prisoner No.: 181666 |
| Petitioner (include the name under which you were convicted) Jeffery Mitchum #181666 | Respondent (authorized person having custody of petitioner) v. State of MS. |
| The Attorney General of the State of Jim Hood | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Rankin County Circuit Court

   (b) Criminal docket or case number (if you know): No. 23830

2. (a) Date of the judgment of conviction (if you know): Feb. 13, 2013 or Dec. 10, 2012
   (b) Date of sentencing: Feb. 13, 2013

3. Length of sentence: Count One - 55 yrs. Count Two - 30 yrs.

4. In this case, were you convicted on more than one count or of more than one crime?  Yes ☒  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case:
   One Count - Gratification of Lust, violation of Miss. Code Ann. § 97-05-23(1) and
   One Count - Sexual Battery, violation of Miss. Code Ann. § 97-3-95(1)(d).

6. (a) What was your plea? (Check one)
   (1) Not guilty ☒     (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐         (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)
   Jury ☒    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

9. If you did appeal, answer the following: Court of Appeals of the State of Mississippi
   (a) Name of court: Circuit Court of Rankin County
   (b) Docket or case number (if you know): No. 2013-KA-00783-COA
   (c) Result: Conviction Affirmed
   (d) Date of result (if you know): Sept. 23, 2014
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: Insufficient Evidence (as a matter of law) to support verdict.
   Verdict against overwhelming weight of evidence (count 2).
   Lower court erred in allowing hearsay statements to be admitted by testimony of DoC of vict. interview as part of forensic investigation.
   (g) Did you seek further review by a higher state court? Yes ☒ No ☐
   If yes, answer the following:
   (1) Name of court: Supreme Court of Mississippi
   (2) Docket or case number (if you know): No. 2013-CT-00783-SCT
   (3) Result: Denial

   (4) Date of result (if you know): May 21, 2015
   (5) Citation to the case (if you know): _____
   (6) Grounds raised: _____

(b) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ~~Supreme~~ Court of ~~Mississippi~~ Appeals of MS.

(2) Docket or case number (if you know): No. 2013-KA-00~~293~~-COA

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: Motion for Rehearing

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☒

(7) Result: Denied

(8) Date of result (if you know): Feb. 10, 2015

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Supreme Court/Court of Appeals of MS.

(2) Docket or case number (if you know): No. 2018-M-00704

(3) Date of filing (if you know): May 10, 2018

(4) Nature of the proceeding: Post Conviction Collateral Relief

(5) Grounds raised: 1) Miscarriage of Justice, 2) Ineffective Assistance - (a) ineffective assistance, (b) prosecutorial misconduct, (c) new evidence, (d) excessive sentence, and (e) cumulative error.

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    Yes ☐  No ☒
(7) Result: Denied
(8) Date of result (if you know): Aug. 1, 2018 - Filed: Aug. 2, 2018

(c) If you filed any third petition, application, or motion, give the same information:
(1) Name of court: Mississippi Supreme Court
(2) Docket or case number (if you know): August 15, 2018
(3) Date of filing (if you know): August 15, 2018
(4) Nature of the proceeding: Motion for Rehearing
(5) Grounds raised: 1) Miscarriage of Justice, 2) Ineffective Assistance - (a) ineffective assistance, (b) prosecutorial misconduct, (c) new evidence, (d) excessive sentence, and (e) cumulative error
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    Yes ☐  No ☒
(7) Result: _____
(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?
    (1) First petition:    Yes ☒  No ☐
    (2) Second petition:   Yes ☒  No ☐
    (3) Third petition:    Yes ☐  No ☒

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: The Post-conviction in the MS. Supreme Court is the last stop before this Petition, but I filed a Motion for rehearing of the PCR in MS. Supreme Court - just in case

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Actual Innocence/Miscarriage of Justice

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Trial Transcripts fully support and prove this Ground (on the count of Sexual Battery) on pages

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☒  No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
       Yes ☒  No ☐
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: Post-conviction
   Name and location of the court where the motion or petition was filed: Supreme Court/Court of Appeals of Mississippi (Motion for rehearing)
   Docket or case number (if you know): No. 2018-M-00704
   Date of the court's decision: Aug. 1, 2018

Result (attach a copy of the court's opinion or order, if available): Denied, as barred by doctrine of res judicata. Miss. Code Ann. §99-39-21(3)

(3) Did you receive a hearing on your motion or petition?
   Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?
   Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court/Court of Appeals of Mississippi, Jackson, MS.

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): Filed a motion for rehearing - the motion is not a required motion.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Just the appeals already identified

GROUND TWO: ~~Trial~~ Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel failed to explain that defending against these charges (whether innocent or not), is impossible in this state where a defendant is presumed guilty. Then misrepresented his chances of winning at trial - he claimed the state had no evidence, and he could not loose, but if I took the plea offer I ~~would~~ would have to register as sex offender and my life would be ruined and people would try to kill me - if not for his manipulation and misrepresentation of the states case I would have accepted the plea offer of 15 years (10 years suspended, 5 years to serve), instead of going to Trial and receiving a manditory sentence of 30 years. A substantial difference of 25 years. Thus prejudice is established where Petitioner received 30 manditory year sentence as opposed to the 5 years plea bargain offer. Petitioner was prejudiced by IAC resulting in a greater sentence.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_____
_____

(c) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐ No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: IAC cannot be raised on Direct Appeal by the same counsel as for Trial

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      Yes ☒ No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: Post-Conviction Motion
   Name and location of the court where the motion or petition was filed: Mississippi Supreme Court, Jackson, MS.
   Docket or case number (if you know): No. 2018-M-00704
   Date of the court's decision: August 1, 2018
   Result (attach a copy of the court's opinion or order, if available): Claim fails to present a substantial showing of the denial of a state or federal right

   (3) Did you receive a hearing on your motion or petition?
      Yes ☐ No ☒

   (4) Did you appeal from the denial of your motion or petition?
      Yes ☒ No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
      Yes ☒ No ☐

   (6) If your answer to Question (d)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: Mississippi Supreme Court, Jackson, MS – (Motion for rehearing)
   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: The aforementioned motion for rehearing to MS. Supreme Court, which is not required.

**GROUND THREE:** IAC - Prosecutorial-Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During several points, from voir dire jury selection through closing arguments Prosecution made several misleading comments to impress on the jury that every detail of the case had been proved beyond reasonable doubt that Petitioner was guilty. Such as the stick on the ground was a penis, yet Anna never waivered in saying that it was not. Then forcing her to change her recount in tears hiding under witness chair. Counsel never objected or raised issue on Direct Appeal.

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: This issue was raised in Post-Conviction as part of Ineffective Assistance of Counsel.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Post-Conviction Motion
Name and location of the court where the motion or petition was filed: Mississippi Supreme Court, Jackson, MS.

Docket or case number (if you know): **No. 2018-M-00704**
Date of the court's decision: **August 1, 2018**
Result (attach a copy of the court's opinion or order, if available): **Claim could have been raised on Direct Appeal and thus waived. Notwithstanding waiver bar, claim lacks any arguable basis.**

(3) Did you receive a hearing on your motion or petition?
  Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
  Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
  Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: **Mississippi Supreme Court - (Motion for rehearing)**
Docket or case number (if you know): ___
Date of the court's decision: ___
Result (attach a copy of the court's opinion or order, if available): ___

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **The aforementioned Motion for rehearing which was not required as the PCR in the MS Supreme Court exhausts state remedies**

**GROUND FOUR:** Newly Discovered Evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **Only days before Petitioner decided to proceed with his case he received info from his Mother that Anna was very upset and crying that she was forced by the Prosecutor to lie about Petitioner and say he did touch her, when more than 4 months before trial she recanted her statement, saying that she had only said it was Petitioner that touched her because she was mad at him but Petitioner had never touched her.**

(b) If you did not exhaust your state remedies on Ground Four, explain why: This information did not come to Petitioners attention until April 16, 2018.

(c) Direct Appeal of Ground Four:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐  No ☒
   (2) If you did not raise this issue in your direct appeal, explain why: this info was not yet available

(d) Post-Conviction Proceedings:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
       Yes ☒  No ☐
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: Post-Conviction Motion
   Name and location of the court where the motion or petition was filed: Mississippi Supreme Court, Jackson, MS.
   Docket or case number (if you know): No. 2018-M-007-04
   Date of the court's decision: August 1, 2018
   Result (attach a copy of the court's opinion or order, if available): this claim is insufficient to warrant relief

   (3) Did you receive a hearing on your motion or petition?
       Yes ☐  No ☒
   (4) Did you appeal from the denial of your motion or petition?
       Yes ☒  No ☐
   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
       Yes ☒  No ☐
   (6) If your answer to Question (d)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: Mississippi Supreme Court, Jackson, MS. - (Motion for rehearing)
   Docket or case number (if you know): ___
   Date of the court's decision: ___
   Result (attach a copy of the court's opinion or order, if available): ___

GROUND FIVE: IAC - Excessive or Illegal - Sentence.

(a) Supporting Facts: The Eighth Amendment succinctly prohibits "excessive" sanctions - in Graham v. Florida, Justice Anthony Kennedy stated "while states may be permitted to keep young offenders locked up, they must give defendants some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" - Petitioner, 23 years old at time of arrest, and never being in trouble with law before, was given the maximum sentence of 30 mandatory years in prison, which will make him 53 years old when released, with no job opportunities.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c) Direct Appeal of Ground Five:
 (1) If you appealed from the judgment of conviction, did you raise this issue?
  Yes ☐  No ☒
 (2) If you did not raise this issue in your direct appeal, explain why? This issue is raised as a part of IAC, because if his attorney had explained desirability of 5 year plea instead of only his arrogance, Petitioner would be serving 25 less years.

(d) Post-Conviction Proceedings:
 (1) Did you raise this issue through a post-conviction motion, etc., in a state Trial Court?
  Yes ☒  No ☐
 (2) If your answer to Question (d)(1) is "Yes," state:
  Type of motion or petition: Post-Conviction Motion
  Name and location of the court where the motion or petition was filed: Mississippi Supreme Court, Jackson, MS.
  Docket or case number: No. 2018-M-00704
  Date of the court's decision: _____
  Result (attach copy of court's opinion or order): Claim could have been raised on direct appeal; however, claims asserting illegal sentence are excepted from the waiver bar. Even so, Mitchum's claim lacks any arguable basis.
 (3) Did you receive a hearing on your motion or petition?
  Yes ☐  No ☒
 (4) Did you appeal from the denial of your motion or petition?
  Yes ☒  No ☐
 (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
  Yes ☒  No ☐
 (6) If your answer to Question (d)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: Mississippi Supreme Court, Jackson, MS. - (a non-required Motion for rehearing)
  Docket or case number: _____
  Date of court's decision: _____
  Result (attach copy of court's opinion or order): _____

Page 10-B

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Five: the aforementioned Motion for rehearing ~ (not required, state remedies exhausted)

Ground Six: Cumulative - error (I.A.C.)

(a) Supporting Facts: The culmination of errors from Grounds 1-6 come together to raise the Sixth Amendment violation of Petitioner's rights to beyond the extreme. — Any one taken alone clearly shows prejudice, but when combined (after reviewing in total the record of counsel's actions), show an arrogant attorney not at all interested in the best interests of his young client, but only in trying to prove something, whether to himself or the court is unknown.

(b) If you did not exhaust your state remedies on Ground Six, explain why? But his arrogance caused his client to suffer.

(c) Direct Appeal of Ground Six:
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☒
(2) If you did not raise this issue in your direct appeal, explain why? This is an ineffective assistance issue — which could not be raised by Trial counsel on Direct Appeal.

(d) Post-conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion, etc., in a state Trial court?
Yes ☒  No ☐
(2) If your answer to Question (d)(1) is "Yes", state:
Type of Motion or Petition: Post-Conviction Collateral Relief
Name and location of the court where the motion or petition was filed: Supreme Court of Mississippi, Jackson, MS.

Docket or case number: No. 2018-M-00784
Date of court's decision: August 1, 2018
Result (attach copy of court's opinion or order): Claim fails to present a substantial showing of the denial of a state or federal right.
(3) Did you receive a hearing on your motion or petition?
Yes ☐  No ☒
(4) Did you appeal from the denial of your motion or petition?
Yes ☒  No ☐
~~(5) If your answer to Question (d)(4) is "Yes", state: Name and location of the court where this appeal was filed: Mississippi Supreme Court, Jackson, MS - (a motion for rehearing)~~

Page 10-C

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state: Mississippi Supreme Court, Jackson, MS - (Motion for Rehearing)
Docket Number: _____
Date of court's decision: _____
Result (attach copy of court's opinion or order): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Six: I filed the aforementioned Motion for Rehearing in MS. Supreme court [this motion is not required as state remedies were exhausted with the order on the PCR].

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: The aforementioned Motion for rehearing that was not required - the PCR in MS. Supreme Court exhausts all state remedies.

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ☒  No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **No**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☒ No ☐

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. A motion for rehearing of the PCR in MS. Supreme Court (not required), 1) miscarrage of justice, 2) Ineffective Asistance (a) IAC, (b) prosecutorial-misconduct, (c) new evidence, (d) excessive sentence, (e) cumulative-error

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: _____

    (c) At trial: _____

    (d) At sentencing: _____

    (e) On appeal: _____

    (f) In any post-conviction proceeding: Pro se.

    (g) On appeal from any ruling against you in a post-conviction proceeding: Pro se.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

First, Petitioner was told by his Trial and Appeal Attorney, an Attorney his Mother attempted to hire to replace the trial Attorney, and the Mississippi Innocence Project that he had one year from the date of the Post-Conviction ruling to file a federal Habeas Corpus.

Second, After investigation himself of the AEDPA section (1)(D), below, the new evidence did not become physically available to him until he received the Affidavit from Anna Tarrell and Teresa Lickert until May 4, 2018, and only then did Petitioner believe it may be worth continuing with his case.

Third, when Petitioner attempted to file his Post-conviction the facility ILAP officer refused to accept it and only filed it a day or two later when Petitioner complained to Warden and Southern Poverty Law Center. When filing his appeal to the PCR, she again refused to let him file on his deadline date, and again refused to call him and let him file on his units regular law library day.

Fourth, The ILAP person has refused to even see me or allow me to file this Habeas - ever informed of my deadline - since Aug. 13, 18

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Grant him a Evidentiary Hearing - Denied by State - and full and fair review of his Claims then grant his request for 1) reinstatement of State Plea, 2) New Trial or 3) overturn his conviction.

or any other relief to which petitioner may be entitled.

*(Signature of Attorney (if any))*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on August 16, 18 (month, date, year).

Executed (signed) on _____ (date).

Signature of Petitioner

Jeffrey Mitchum 181666
Name (Print)   Inmate Number

EMCF
Place of confinement

10641 Hwy 80 West
Meridian, MS
39307
Petitioner's mailing address

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

* * * * *