**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JEFFREY MITCHUM   # 181666**                                                    **PETITIONER**

**versus**                                                                 **NO. 3:18cv572-DPJ-RHW**

**PELICIA HALL**                                                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

Before the Court are [1] the Petition for Writ of Habeas Corpus filed by Jeffrey Mitchum pursuant to 28 U.S.C. § 2254, and [6] Respondent's motion to dismiss the petition as untimely filed. Mitchum responded to the motion December 17, 2018, and Respondent filed her reply on January 16, 2019. [9], [10] Having reviewed and considered the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that Respondent's motion should be granted, and the petition for federal habeas relief, dismissed.

### Facts and Procedural History

Jeffrey Mitchum is presently confined at East Mississippi Correctional Facility serving sentences totaling 30 years for convictions of gratification of lust and sexual battery of his four-year old half-sister.[1] According to the Mississippi Department of Corrections (MDOC) web site, Mitchum entered the MDOC system March 22, 2013, and his tentative release date is October 25, 2042. In December 2012, a Rankin County Circuit Court jury found Mitchum guilty of the above stated crimes and on February 13, 2013 the trial court sentenced him to serve concurrent terms of 15 years for gratification of lust and 30 years for sexual battery. [7-1, pp. 99-101], [7-4] The court also ordered Mitchum to pay court costs, fees and assessments upon release, to register as a sex offender, and to have no contact with the child. [6-2] Mitchum

---

[1] Mitchum and the child have the same mother. He was 22 when the crimes occurred in August 2011.

appealed on grounds that the evidence was insufficient to support the verdict, the verdict was against the weight of the evidence, and that the trial court erroneously allowed hearsay testimony from a physician as to the child's statements to the physician.  Finding no error, the Mississippi Court of Appeals affirmed the convictions and sentences in 2014.  *Mitchum v. State*, 164 So.3d 477 (Miss. Ct. App. 2014), *reh'g denied*, Feb. 10, 2015, *cert. denied*, May 21, 2015 (2013-KA-00783-COA).  [6-3], [6-4]   Mitchum filed no petition for *certiorari* to the United States Supreme Court, thus his convictions/sentences became final August 19, 2015, upon expiration of the time allowed for seeking such relief.

Mitchum applied for post-conviction relief in state court on May 10, 2018 asserting miscarriage of justice (actual innocence), ineffective assistance of counsel, prosecutorial misconduct, new evidence, excessive sentence and cumulative error.  [6-5]   By order filed August 2, 2018, the Mississippi Supreme Court denied the post-conviction application, stating:

> First, to the extent Mitchum challenges the weight or sufficiency of the evidence, those claims are barred by the doctrine of res judicata. Miss. Code Ann. § 99-39-21(3). Second, his ineffective-assistance claim fails to present a substantial showing of the denial of a state or federal right. Miss. Code Ann. § 99-39-27(5). Third, his prosecutorial-misconduct claim could have been raised on direct appeal and is thus waived. Miss. Code Ann. § 99-39-21(1). Notwithstanding the waiver bar, that claim lacks any arguable basis. *Means v. State*, 43 So.3d 438, 442 (Miss. 2010). Fourth, the new evidence claim is insufficient to warrant relief. Miss. Code Ann. § 99-39-5(2)(a)(i). Fifth, the excessive- or illegal-sentence claim could have been raised on direct appeal; however, claims asserting illegal sentence are excepted from the waiver bar. *Rowland v. State*, 98 So.3d 1032, 1036 (Miss. 2012), overruled on other grounds by *Carson v. State*, 212 So.3d 22 (Miss. 2016). Even so, Mitchum's claim lacks any arguable basis. *Means*, 43 So.3d at 442. Finally, Mitchum's cumulative-error claim fails to present a substantial showing of the denial of a state or federal right. Miss. Code Ann. § 99-39-27(5).

[6-5]   By the time the state court denied reconsideration of its ruling on September 6, 2018, Mitchum had already filed his petition in this Court based on the same six grounds. [6-6], [1]

## Law and Analysis

Respondent seeks dismissal of Mitchum's habeas petition as untimely filed under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A) Mitchum's judgment of conviction became final August 19, 2015. Absent a "properly filed" post-conviction application to toll the limitations period, or some "rare and exceptional" circumstances warranting equitable tolling, Mitchum's window for filing a federal habeas petition closed on August 19, 2016. *See Grillette v. Warden*, *Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The limitations period is tolled under § 2244(d)(2) while a properly filed state post-conviction application is pending; an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Flanagan v. Johnson*, 154 F.3d at 199, n.1. Because Mitchum failed to file a state post-conviction application before the one-year federal habeas statute of limitations expired, the statutory tolling provision of § 2244(d)(2) does not apply to his case. An application for state post-conviction relief filed outside the limitations period does not affect

the one-year time bar for federal habeas relief; it does not toll the limitation period under § 2244(d)(2).  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under §2244(d)(2) because it was not filed until *after* the period of limitation had expired").

Mitchum takes the position that he is entitled to equitable tolling of the statute of limitations because of newly discovered evidence consisting of: (1) an internet article[2] about labial adhesions [9-1, pp. 4-7] which Mitchum contends discredits the State medical expert's testimony; (2) a January 2013 medical evaluation which their mother had done on the victim and of which Mitchum was unaware until their mother sent him a copy of the report sometime after November 23, 2018; and (3) October 2018 affidavits from the victim and their mother.  [9-1, pp. 1-3, 12-13, 8-11]   For the reasons which follow, the undersigned is of the opinion that Mitchum has failed to demonstrate "rare and exceptional circumstances" sufficient to warrant equitable tolling of the limitations period in his case.  *Felder v. Johnson*, 204 F.3d 168, 170-171 (5th Cir. 2000).

To be entitled to equitable tolling, the petitioner must show he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 632, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).   "Under long-established principles, petitioner's lack of diligence precludes equity's operation."   *Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L.Ed. 311 (1874)).

> Equitable tolling … applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.   As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.

---

[2] The article indicates it was "updated 14 June 2016."   [9-1, pp. 4, 7]

*Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (upholding denial of equitable tolling due to four-month filing delay).   It is the petitioner's burden to establish that he is entitled to equitable tolling.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).        .

From the record in this case the undersigned finds Mitchum has failed to show he has been diligently pursuing his rights.   There is no indication that Mitchum did anything after the state supreme court denied his petition for certiorari on May 21, 2015, until he applied for state post-conviction relief on May 10, 2018.[3]   His allegation that his attorneys and an attorney his mother attempted to hire told him he had a year from the denial of post-conviction relief to file a federal habeas petition does not amount to an extraordinary circumstance warranting equitable tolling.  [1, p. 16]   A "garden variety claim of excusable neglect such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Brown v. Thaler*, 455 F. App'x 401, 407 (5th Cir. 2011) (citing *Holland*, 560 U.S at 651-652.

The above noted newly discovered evidence is the foundation for Mitchum's first and fourth grounds for relief which assert, respectively, "actual innocence/miscarriage of justice" and "newly discovered evidence."   As to Ground One, his petition states only that the "trial transcripts fully support and prove this Ground (on the count of sexual battery) on pages" (*sic* - no pages are identified).   "[A]ctual-innocence is not an independently cognizable federal *habeas* claim."  *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014).   However, if proven, actual innocence can overcome application of the

---

[3] In Mississippi a post-conviction application must be filed within three years after petitioner's direct appeal is ruled upon by the Mississippi Supreme Court.   Miss. Code Ann. § 99-39-5(2).

federal limitations period. *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence … serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations."). To open the gateway for federal habeas review Mitchum was required (1) to present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence;" (2) which "was not presented at trial;" and (3) in light of which, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 317, 324-327 (1995)); *McQuiggen*, 569 U.S. at 386 (credible showing of actual innocence requires production of new evidence sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Mitchum has produced no such evidence.

Contrary to Mitchum's assertion, the internet article about labial adhesions does not discredit Dr. Benton's testimony – both the article and Dr. Benton discuss possible causes of labial adhesions, both state the condition can be caused by irritation or trauma; even Mitchum admits the article somewhat confirms Dr. Benton's testimony. [9-1, p. 4], [7-2, p. 142] Mitchum's complaint is that the article does not specifically mention sexual abuse as a potential cause, while Dr. Benton testified sexual abuse could cause labial adhesions. [9, p. 3] The undersigned is of the opinion that the term trauma, *i.e.* "physical injury," is broad enough to encompass sexual abuse. Furthermore, new evidence of actual innocence must be "material, not merely cumulative or impeaching." *Lucas v. Johnson*, 132 F.3d 1069, 1075 n.3 (5th Cir. 1998) (requests for relief based on newly discovered evidence require a showing that "(1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the defendant's failure to detect the evidence was not due to a lack of diligence; (3) the evidence is material, not

merely cumulative or impeaching; and (4) the evidence would probably produce acquittal at a new trial.").

Dr. Mark Webb examined the child and formed his opinion after Mitchum was tried, but before he was sentenced; Dr. Webb's opinion [9-1, pp. 1-3] is not new evidence simply because Mitchum's mother chose not to share the report with him until later.  And the matters presented in the October 2018 affidavits of the child to the effect that her brother did not commit the acts of which he stands convicted [9-1, pp. 12-13], and of their mother to the effect that she no longer believes her son molested his sister [9-1, pp. 8-11], were addressed before and during the trial of this cause; and both the child and the mother were called and testified as defense witnesses at trial.  [7-3, pp. 39-49, 50-97]   The trial record contains ample evidence that Mitchum was aware pre-trial that the child had changed her testimony.  [7-3, pp. 63-67, 70, 77]   That record evidence also serves to refute any argument Mitchum might make that he is entitled to some delayed commencement of the running of the statute of limitations under § 2244(d)(1(D). Evidence is not new if "it was always within the reach of [Petitioner's] personal knowledge or reasonable investigation."  *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008).  The undersigned finds nothing warranting tolling of the statute of limitations in Mitchum's actual innocence and newly discovered evidence arguments.

Mitchum presents Grounds Two, Three and Five as ineffective assistance of counsel claims in his habeas petition in this Court.  In Grounds Two and Five, he claims his counsel misrepresented his chances of winning at trial, convincing him to proceed to trial instead of accepting a plea deal,[4] and that as a result he received an illegal/excessive sentence.  [1, pp. 6, 11]   Nothing Mitchum has presented in conjunction with Grounds Two and Five warrants

---

[4] Mitchum does not allege he was unaware of the plea offer; the record shows he unequivocally rejected the offer in court.  [7-2, p. 8]

equitable tolling of the federal habeas statute of limitations. Mitchum has maintained his innocence throughout the proceedings on his criminal case and in the petition before this Court, and there is no "illegal sentence" exception to the federal limitations period. See *Felix v. Epps*, 2012 WL 2357456, at *2 (S.D. Miss. April 25, 2012; see also *Myers v. Quarterman*, 2007 WL 1215091, at *2 (N.D. Tex. April 25, 2007) (holding illegal sentence claim does not present a "rare and exceptional" circumstance to toll limitations). Furthermore, "a sentence is not illegal unless it exceeds the maximum *statutory* penalty for the crime." *Grayer v. State*, 120 So.3d 964, 969 (Miss. 2013). Neither of Mitchum's sentences exceeds the statutory maximum for the crimes of which he was convicted,[5] and the sentences were ordered to run concurrently. The record further shows the sentencing judge had benefit of pre-sentence investigation report as well as almost 30 pages of character letters collected and submitted by Mitchum 's counsel. [7-4, p. 3], [7-1, pp. 109-138]

Ground Three asserts prosecutorial misconduct by the prosecutor's suggesting the State had proved its case against him, and in causing the victim to cry during her trial testimony and "forcing" her to change her story without objection by trial counsel or argument on appeal. The record belies the allegation of misconduct. From the time she was first taken to the hospital for examination/treatment, the four-year old child told the same story about what her brother had done to her to her mother, to two different doctors at the hospital, a social worker, and another doctor two days later. It was not until months later, after being told her brother could not attend a family reunion because of the charges against him, that the child stated she might have made a mistake, and changed her account. At trial she cried when the prosecutor asked her about her initial statements, which the child admitted making. In any event, the undersigned finds neither

---

5 Statutory sentences are 2-15 years for gratification of lust under Miss. Code Ann. § 97-5-23; and 20 years to life for sexual battery of a child under Miss. Code Ann. § 97-3-95(1)(d) and Miss. Code Ann. § 97-3-101.

these allegations nor Mitchum's Ground Six claim of cumulative error present anything to warrant equitable tolling of the statute of limitations. Since the record refutes [Mitchum's] factual allegations or otherwise precludes habeas relief, the undersigned finds no evidentiary hearing is necessary. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Barrientes v. Johnson*, 221 F.3d 741, 770 (5th Cir. 2000); *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000).

## RECOMMENDATION

The undersigned finds Mitchum's petition was untimely filed and that he is entitled to neither statutory tolling nor equitable tolling of the limitations period. The undersigned recommends that Respondent's motion to dismiss be granted, and Mitchum's petition, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation a party may serve and file written objections to it, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Responses to objections may be filed within seven days after service. Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 5th day of June 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE