UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY MITCHUM                                                              PETITIONER

V.                                                            CIVIL ACTION NO. 3:18-CV-572-DPJ-RHW

PELICIA HALL                                                                REPONDENT

ORDER

This petition for writ of habeas corpus is before the Court on the Report and Recommendation [13] of Magistrate Judge Robert H. Walker. Judge Walker recommended dismissal of Jeffrey Mitchum's petition as time barred, and Mitchum filed an Objection. For the reasons explained, the Report and Recommendation is adopted as the opinion of this Court.

A jury convicted Mitchum of gratification of lust and sexual battery of his four-year old sister. On February 13, 2013, the trial court sentenced him to serve concurrent terms of 15 years for gratification of lust and 30 years for sexual battery. Mitchum appealed, and the Mississippi Court of Appeals affirmed the conviction and sentence. He did not file a petition for certiorari, so his conviction became final on August 19, 2015. Almost three years later, on May 10, 2018, Mitchum applied for post-conviction relief ("PCR") in state court, which was denied on August 2, 2018. Soon thereafter, he filed the instant petition for habeas corpus. Pet. [1] (signed August 10, 2018).

The Antiterrorism and Effective Death Penalty Act, 28 US.C. § 2244(d), provides for a one-year limitation period for filing an application for writ of habeas corpus, which begins to run once the state conviction is final. The limitations period is tolled during the pendency of any properly filed state PCR application, provided it is filed before the one-year federal limitations

period expires. 28 US.C. § 2244(d)(2); *see* R&R [13] at 3–4 (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

Judge Walker correctly concluded that Mitchum's petition, filed three years after his conviction became final, was untimely under 28 U.S.C. § 2244(d). R&R [13] at 3. In reaching this conclusion, Judge Walker carefully considered and rejected Mitchum's arguments as to the applicability of statutory and equitable tolling based on newly discovered evidence and "actual innocence." *Id.* at 4–9. The Report and Recommendation is adopted in its entirety.

Nonetheless, the Court will address a few points Mitchum raised in his Objection. Mitchum first argues that he was given bad advice as to the filing deadline. He claims the "NLPA EMCF ILAP Director" refused to immediately accept his August 10, 2018 federal filing, stating there was "No rush" because "the Federal Courts give inmates 3 extra days to file paperwork." Obj. [14] at 1. She instead accepted the filing on August 15. *Id.* First, as pointed out by Judge Walker, "[a] 'garden variety claim of excusable neglect such as a simple "miscalculation"' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.'" R&R [13] at 5 (quoting *Brown v. Thaler*, 455 F. App'x 401, 407 (5th Cir. 2011)). Second, Respondent applied the prison mailbox rule in her motion to dismiss, noting that Mitchum signed the petition on August 10, 2018. Mot. [6] at 6 n.6. Third, by August 10, 2018, Mitchum's habeas petition was already time-barred. R&R [13] at 3 (noting Mitchum's window for filing a habeas petition closed on August 19, 2016).

Next, Mitchum suggests that Respondent's motion to dismiss was untimely. Obj. [14] at 1. In its September 11, 2018 Order, the Court directed Respondent to file an answer or other responsive pleading within 20 days "of the service upon the said Jim Hood of a copy of this

Order." Order [4] at 1.[1]  The Acknowledgement of Receipt [5] indicates the Order was received on September 14, 2018, so Respondent's motion, filed October 3, 2018, was timely.  Mot. [6].

Finally, Mitchum attaches copies of his communication with the Mississippi Innocence Project [14-1] and a case evaluation generated by National Legal Professional Associates [14-2] to support his contention that he has been diligently pursuing his rights.  *See* R&R [13] at 4 (noting that "[t]o be entitled to equitable tolling, the petitioner must show he has been pursuing his rights diligently, and that some extraordinary circumstances prevented him from timely filing" (citing *Holland v. Florida*, 560 U.S. 632, 649 (2010))).  Mitchum signed the Mississippi Innocence Project Application on May 2, 2015, and the case evaluation is dated November 22, 2016.  Application [14-1] at 27; Evaluation [14-2] at 2.  Yet Mitchum still waited until May 2018 to file his state PCR application and until August 2018 to file this habeas petition.  Judge Walker correctly found that Mitchum had not shown he has been diligently pursuing his rights.  R&R [13] at 5.  These documents do not alter that conclusion.

The Court has considered all argument raised; those not addressed would not have changed the outcome.  The Report and Recommendation [13] is adopted as the opinion of the Court.  Respondent's motion to dismiss [6] is granted; the action is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2019.

        s/ *Daniel P. Jordan III*
        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Order also directed the Clerk of Court to "serve, by certified mail, a copy of the Petition [1] filed herein along with a copy of this Order upon Jim Hood, Attorney General of the State of Mississippi."  *Id.* at 2.